IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-cv-600 |
| BVR, LLC, | § § | **JURY DEMANDED** |
| Defendant. | § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff The Board of Regents of The University of Texas System, appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

4.      This Court has personal jurisdiction over Defendant BVR, LLC. Defendant has engaged in a continuous and systematic course of doing business in Texas, and a substantial portion of the activities complained of herein have occurred and continue to occur in this District.

## PARTIES

5.      The Board of Regents of The University of Texas System ("Plaintiff") is a state agency established for the purpose of governing The University of Texas System. The powers and duties of Plaintiff are set forth generally at Chapter 65 of the Texas Education Code. Specific authority to manage and control MD Anderson is conferred upon Plaintiff by Chapter 73, Subchapter C, of the Texas Education Code. Plaintiff maintains its principal office at 201 West 7th Street, Austin, Texas 78701.

6.      BVR, LLC ("Defendant") is a California limited liability company with a principal place of business at 114 Ardmore Drive, San Gabriel, California 91775.

## FACTS

**A.    PLAINTIFF AND ITS CANCERWISE TRADEMARK**

7.      Plaintiff operates a system of world class universities and related institutions throughout the state of Texas, including the University of Texas M.D. Anderson Cancer Center ("MD Anderson") in Houston.

8.      Established seventy years ago, MD Anderson is the largest freestanding cancer center in the world and one of the world's most respected centers devoted exclusively to cancer patient care, research, education, and prevention. MD Anderson is one of the nation's original three comprehensive cancer centers designated by the National Cancer Act of 1971, and has

ranked as one of the top two hospitals in cancer care every year since U.S. News & World Report's began its annual "America's Best Hospitals" survey in 1990.

9. Since opening its doors, MD Anderson has treated more than 900,000 patients, including more than 127,000 in 2014 alone. Approximately one-third of new patients arrive at MD Anderson from outside of Texas. MD Anderson ranks first in the nation in the number of grant funds given by the National Cancer Institute. In the previous fiscal year, MD Anderson invested more than $735 million in research and trained over 6,400 physicians, scientists, nurses, and allied health professionals.

10. For nearly 15 years, MD Anderson has used the mark CANCERWISE in commerce nationwide in connection with interactive online educational services, including providing social media services and web journals featuring commentaries and information for others in the fields of cancer and cancer prevention.

11. MD Anderson has developed substantial goodwill in the CANCERWISE mark. The mark is respected by the public, and represents the institution's commitment to providing world-class medical, educational, and support services.

12. As a result of MD Anderson's long use and promotion of the CANCERWISE mark, the mark has become distinctive to designate MD Anderson, to distinguish the institution and its services from those of others, and to distinguish the source or origin of MD Anderson's services. As a result of these efforts by MD Anderson, the consuming public recognizes and associates the CANCERWISE mark with MD Anderson.

13. As a result of MD Anderson's long use and promotion of the CANCERWISE mark, the institution has acquired valuable common law rights in the CANCERWISE mark.

14. In accordance with federal law, Plaintiff has applied to register the CANCERWISE mark (U.S. Ser. No. 86/487,568) ("Plaintiff's Application") for "Interactive on-line social media and web journals featuring commentaries and information in the fields of cancer and cancer prevention; on-line social media and journals for others in the fields of cancer and cancer prevention; on-line social media and journals, namely, social media sites and blogs featuring commentaries and information for others in the fields of cancer and cancer prevention; education services, namely, providing on-line educational information for others in the fields of cancer and cancer prevention" in Class 41.

**B.     DEFENDANT'S INFRINGING ACTIVITIES**

15. On information and belief, Defendant is a California limited liability company dedicated to assisting cancer patients through patient support, social networking services, and mobile applications.

16. On information and belief, Defendant is promoting its patient support, social networking services, and mobile applications under the marks CANCERWISE and CANCERWISE EMPOWERING PATIENTS & Design (shown below) (collectively, "Defendant's Marks").



17. On information and belief, Defendant is using Defendant's Marks in commerce on its mobile application and website, as well as its social-media pages. Defendant's CANCERWISE mobile application is available for consumers to download in the State of Texas, including within this District. Representative printouts from Defendant's website, social-media

pages, and mobile application showing its use of Defendant's Marks are attached hereto as **Exhibit A**.

18. Defendant filed U.S. Serial No. 86/382,447 ("Defendant's Application") for the mark CANCERWISE EMPOWERING PATIENTS & Design (shown above) covering "Online social networking services in the field of health, cancer, cancer recovery and survival" in Class 45.

19. Plaintiff's Application has been suspended pending the disposition of Defendant's Application, and Plaintiff opposed Defendant's Application. The opposition proceeding (No. 91222238, the "Opposition") is currently pending at the Patent and Trademark Office's ("PTO") Trademark Trial and Appeal Board.

20. Defendant is not affiliated with or sponsored by MD Anderson, and has not been authorized by the institution to use or register the CANCERWISE mark or any confusingly similar mark.

21. Before Defendant commenced using Defendant's Marks in commerce, Defendant sent a letter to Plaintiff in which it acknowledged Plaintiff's prior use of the mark CANCERWISE in commerce, and requested confirmation that Plaintiff would not object to Defendant's Application or Defendant's planned use of Defendant's Marks in commerce.

22. In response, Plaintiff objected to Defendant's Application and Defendant's planned use of Defendant's Marks in connection with highly similar services. Despite this response, and with full knowledge of Plaintiff's prior rights, Defendant began using Defendant's Marks in commerce.

C. **EFFECT OF DEFENDANT'S ACTIVITIES**

23. Defendant's unauthorized use of Defendant's Marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to

some affiliation, connection or association of Defendant with MD Anderson, or as to the origin, sponsorship, or approval of Defendant's services by MD Anderson.

24.     Defendant's unauthorized use of Defendant's Marks falsely designates the origin of its products and services, and falsely and misleadingly describes and represents facts with respect to Defendant and its services.

25.     Defendant's unauthorized use of Defendant's Marks enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by MD Anderson over many years, and to gain acceptance for its services not solely on its own merits, but on the reputation and goodwill of MD Anderson, the CANCERWISE mark, and MD Anderson's services.

26.     Defendant's unauthorized use of Defendant's Marks unjustly enriches Defendant at MD Anderson's expense.  Defendant has been and continues to be unjustly enriched by obtaining a benefit from MD Anderson by taking undue advantage of the institution and its goodwill.  Specifically, Defendant has taken undue advantage of MD Anderson by trading on and profiting from the goodwill in the CANCERWISE mark developed and owned by the institution, resulting in Defendant's wrongfully obtaining a reputational benefit for its own services.

27.     Defendant's unauthorized use of Defendant's Marks removes from MD Anderson the ability to control the nature and quality of services provided under the CANCERWISE mark, and places the valuable reputation and goodwill of MD Anderson in the hands of Defendant, over whom MD Anderson has no control.

28.     Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to MD Anderson and to the public for which

there is no adequate remedy at law.

## COUNT I: FEDERAL UNFAIR COMPETITION

29.     Plaintiff repeats the allegations above as if fully set forth herein.

30.     The acts of Defendant complained of herein constitute trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT II: COMMON LAW TRADEMARK INFRINGEMENT

31.     Plaintiff repeats the allegations above as if fully set forth herein.

32.     The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT III: COMMON LAW UNFAIR COMPETITION

33.     Plaintiff repeats the allegations above as if fully set forth herein.

34.     The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNT IV: UNJUST ENRICHMENT

35.     Plaintiff repeats the allegations above as if fully set forth herein.

36.     The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiff.

## COUNT V: DECLARATION THAT PLAINTIFF IS ENTITLED TO FEDERAL REGISTRATION OF ITS CANCERWISE MARK

37.     Plaintiff repeats the allegations above as if fully set forth herein.

38.     This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Plaintiff's right to federally register its CANCERWISE mark.

39.     Because Plaintiff has priority in its CANCERWISE mark, Plaintiff's Application should be registered under 15 U.S.C. § 1052.

## COUNT VI: REFUSAL OF REGISTRATION

40. Plaintiff repeats the allegations above as if fully set forth herein.

41. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to registration of Defendant's Marks, including in Defendant's Application.

42. Defendant mark CANCERWISE EMPOWERING PATIENTS & Design, the subject of Defendant's Application, so resembles Plaintiff's CANCERWISE mark as to be likely to cause confusion, or to cause mistake, or to deceive.  Registration should therefore be refused under 15 U.S.C. § 1052(d).

43. Plaintiff petitions the Court to order the PTO to refuse registration of Defendant's Application pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a) Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using Defendant's Marks, and any other mark that is confusingly similar to the mark CANCERWISE, and from any attempt to retain any part of the goodwill misappropriated from MD Anderson;

(b) Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(c) Plaintiff recover all damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

(d) The Court determine that, as between the parties, Plaintiff is entitled to registration of Plaintiff's Application and enter an Order so stating;

(e) The Court enjoin Defendant from opposing or otherwise interfering with Plaintiff's registration of Plaintiff's Application;

(f) The Court determine that Defendant is not entitled to registration of Defendant's Application, and certify an Order to the PTO Director pursuant to 15 U.S.C. § 1119 refusing registration of Defendant's Application, who shall make appropriate entry upon the records of the PTO and shall be controlled thereby;

(g) Plaintiff recover its reasonable attorney fees;

(h) Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(i) Plaintiff recover such other relief as the Court may deem appropriate.

## **JURY DEMAND**

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Dated: July 17, 2015

*/s/ Jered E. Matthysse*
Louis T. Pirkey
Texas Bar No. 16033000
lpirkey@pirkeybarber.com
Jered E. Matthysse
Texas Bar No. 24072226
jmatthysse@pirkeybarber.com
Alexandra H. Bistline
Texas Bar No. 24092137
abistline@pirkeybarber.com
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
(512) 322-5200
(512) 322-5201 (facsimile)

ATTORNEYS FOR PLAINTIFF